Wilkins v. Dingley.

DANIEL WILKINS *versus* SIMON B. DINGLEY & *al.*

An officer is liable for taking an insufficient replevin bond, if the only surety never resided in this State.

SHEPLEY J. — The plaintiff was formerly sheriff of this

county, and Dingley was his deputy. This suit is upon a bond made by the latter with sureties to the former for the faithful discharge of his duties. The deputy made service of a writ of replevin in favor of Hawes & Lyon against Frederick Wilson and took a bond signed by them with a surety, who was then an inhabitant of the city of Boston, and who does not appear to have ever resided or to have had any property in this State. Wilson appears to have prevailed in the replevin suit, and to have recovered judgment against the sheriff by default for the neglect of Dingley to take a sufficient bond to Wilson. The defendants are not concluded by the judgment recovered by Wilson against the plaintiff, but may make any defence, which the plaintiff could have made to that suit.

The statute required that the deputy should take a bond with sufficient surety or sureties. It did not require in terms, that the surety should be an inhabitant of this State, or have any property within the State. But the general language used is necessarily limited by the jurisdiction of the legislative power, which did not contemplate its operation beyond its limits. *Miller* v. *Ewer*, 27 Maine R. 509; *Bramhall* v. *Seavey*, 28 Maine R. 45. If the plaintiff in replevin should fail to establish his title to the goods, the Legislature designed to afford to the defendant in replevin an effectual remedy to obtain an immediate *restoration of his goods, or their value with* the damages prescribed by the statute. If an irresponsible plaintiff were permitted to obtain possession of valuable goods by a writ of replevin, and to give a bond with a good surety residing in a distant State of the Union, or in a foreign country, it is quite obvious, that the owner of the goods might not only fail to have the remedy designed by the statute, but to recover an indemnity for the loss of his goods. Admitting that the bond could be enforced in the State or country of the surety's domicile, the obligee might be enabled to do it only by being subjected to great delay and expense, when it was the design of the statute to afford him a remedy by and according to the laws, by which he was deprived of the possession of his property.

The act approved on January 27, 1821, c. 80, by virtue of which this bond was taken, prescribed the remedy for the restoration of the goods, and for the recovery of damages, and fixed the amount of such damages. It has been decided, that a bond taken in one State cannot be enforced in another State in a manner unknown to the common law and prescribed by a statute of the State in which it was taken. *McRae* v. *Mattoon*, 10 Pick. 49: *Pickering* v. *Fish*, 6 Verm. R. 102 ; *State of Indiana* v. *John*, 5 Ham. 218. In the case of *Gleyen* v. *Rood*, 2 Metc. 490, it was decided, that a person residing without the State, and having sufficient personal property within the county, might be legally taken as surety upon a bail bond. This decision appears to have been made on account of the peculiar phraseology of the statute, and because the bond might be enforced against the property within that jurisdiction. No opinion was expressed, whether the sheriff could be considered as having performed his duty faithfully by taking sureties residing without the State, and having no property within it.

The replevin bond taken by the defendant Dingley cannot be regarded as a sufficient bond, and he must be considered as responsible in damages for a neglect of duty.

Another point of the defence is, that the defendants have been discharged from their liability on the bond. It requires some attention to obtain from the agreed statement, an accurate knowledge of the facts so far, as they are disclosed.

No deed of release or written contract made between the plaintiff and Jefferson Parsons, one of the defendants, is proved or exhibited. Nor is the existence of any agreement between them admitted or shown in any other manner, than by a recital contained in an instrument under seal, signed by the plaintiff and those, who were sureties for him on his official bond to the State. The agreement made between the plaintiff and Parsons, one of the defendants, as shown by that recital, is in substance, that Parsons shall not be called upon to make any further payments upon this bond ; that upon any execution issued upon a judgment recovered upon it, an indorsement shall be made of the payment by Parsons of his full share ; and that no further payments on account of this bond shall be by judg-

ment or execution enforced against the property or body of Parsons.

There being no proof that the agreement was made by an instrument under seal, there is no technical release of either of the defendants. It cannot have the effect of a covenant not to sue for that reason, and also because it appears to have contemplated, that a suit might be brought upon the bond, and that judgment might be recovered against all the defendants. Such an agreement, not under seal, will not prevent the plaintiff from recovering judgment against them all. *Walker* v. *Mc Culloch*, 4 Greenl. 421.

Neither of the defendants is a party to the sealed instrument signed by the plaintiff and containing the recital ; and neither of them can plead it as an estoppel ; for estoppels are mutual, and a deed cannot operate as an estoppel against one, who is not a party or privy.

The plaintiff will be entitled to recover the amount of the judgment, which Wilson has recovered against him, as well as the amount of that recovered by Robie against him.

*J. & M. L. Appleton*, for plaintiff.

*Moody*, for defndant.