## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT MACON,

## FEBRUARY TERM, 1849.

~~~~~~~~~~~~~~~

No. 33.—George W. Towns, Governor, &c. for the use, &c. plaintiff in error, *vs.* Elijah Hicks and Ewell Webb, defendants.

[1.] Where an action on a Sheriff's bond is brought for the purpose of recovering a sum of money, found to be due by an order absolute upon a rule against the Sheriff, to two jointly, it is no objection to the sufficiency of the breaches assigned, that the declaration does not state the amount of the interest of each in that sum.

[2.] An execution issued upon an order absolute against the Sheriff, is irregular and void, the proper remedy being an attachment. The sureties on his bond are not, however, discharged on that account, their liability being for the official default of their principal, which is established by the judgment on the rule.

[3.] A judgment against a Sheriff on a rule to pay over money, is not satisfaction, and no discharge of the sureties on his bond until it is paid.

Action on Sheriff's bond, in Crawford Superior Court. Tried before Judge Scarborough, August Term, 1848.

Suit was commenced in the Superior Court of Crawford County, in the name of George W. Towns, Governor, &c. for the use

of George Moore and Matthew H. Myrick, which petition show-
ed, " that Elijah Hicks and Ewell Webb, both of said County,
are indebted to your petitioners in the sum of twenty thousand
dollars."

" For that," &c. setting out the official bond of the said Elijah
Hicks as Sheriff of said County.

The breach alleged was as follows: " And your petitioner avers,
that notwithstanding the said bond, the said Elijah Hicks hath
not well and truly done and performed all and singular the duties
required of him by virtue of his said office of Sheriff as aforesaid,
according to law and the trust reposed in him; but, on the con-
trary, hath acted unfaithfully, illegally and improperly in his said
office, in this, that the said George Moore prosecuted to judg-
ment and *fi. fa.* on attachment, a certain claim of him, the said
George Moore, against certain persons, to wit: Elkana Sawyer
and Littleberry Boon, in the County of Crawford aforesaid, (the
said Elijah Hicks then and there acting as Sheriff of said Coun-
ty,) which said claim, at the date of the judgment, to wit: the
———— day of November, in the year 1842, amounted to the sum
of $928 98 principal, $68 03 interest, besides cost; and your
petitioner showeth, that the said Matthew H. Myrick prosecuted
in said County a certain claim of him, the said Matthew H.
against the said Elkana Sawyer to judgment and *fi. fa.* (he, the
said Hicks, being then and there Sheriff of said County,) which
said judgment was on ———— day of November, in the year 1842,
was for the sum of $747 41 principal, and $54 81 interest, be-
sides cost—each of which judgments were obtained in the Infe-
rior Court of said County, and each of which bound negro pro-
·perty, then in the hands of said Hicks, levied on as the property
of said Boon and Sawyer.

And your petitioner farther showeth, that the said George
Moore and the said Matthew H. Myrick, purchased and took by
legal assignment to the said Matthew, for his and the said George's
use, of and from one Littleberry Lucas, a certain *fi. fa.* against
the said Elkana Sawyer and the said Littleberry Boon, (which
also bound the negro property then levied on in the hands of said
Hicks as Sheriff aforesaid,) obtained in the Superior Court of the
County aforesaid, the amount of which, at the date of the judg-
ment, viz: the ———— day of August, 1842, was $1278 princi-
pal, and $65 34 interest, besides cost; all which said *fi. fas.*

were in the hands of the said Hicks, as Sheriff aforesaid, who had in his possession, and levied on at the instance of the said Moore, Myrick, Lucas and others, some thirteen negro slaves, the property of the said Elkana Sawyer and Littleberry Boon, which said slaves were then and there subject to the payment of the debts of the said Boon and the said Sawyer, and which said slaves he, the said Hicks, as Sheriff aforesaid, sold for the sum of $3,600, or some other large sum, to your petitioner unknown; and your petitioner avers said *fi. fas.* are lost, so that they cannot be more fully set out here.

And your petitioner showeth that, after the said Elijah H. had sold said negroes, as Sheriff aforesaid, the said George Moore and Matthew H. Myrick demanded of said Hicks the amount due to them on account of the said *fi. fas.* aforesaid; and your petitioner avers, there was then and there due on said *fi. fas.* the sum of $1,025 06, besides interest, due 8th day of August, 1846; which payment being refused, the said Moore and Myrick, by their attornies at law, Amos W. Hammond and Thomas C. Howard, ruled the said Hicks for the same; on which said rule an issue was made up and tried, between the said Hicks, as Sheriff, and the said George Moore and Matthew H. Myrick, (and others,) in Crawford Superior Court, when the said Moore and Myrick recovered of said Hicks, as Sheriff, the sum of $1,024 06; and the said Hicks being then and there dissatisfied, by bill of exceptions and writ of error, removed said cause to the Supreme Court of this State, where the judgment last mentioned was affirmed; on which a *fi. fa.* was issued, on the 14th June, 1847, for the sum last above mentioned, with interest thereon from 8th August, 1846, which said *fi. fa.* was, on the 28th June, 1847, returned by the then Sheriff of Crawford County, where Hicks then resided, 'no property.' "

At the August Term, 1848, Judge *Scarborough* presiding, the defendant demurred to the declaration on several grounds— among others,

Because no sufficient breach, under the Act of 1847, or the Statute of 8th and 9th William III. was alleged, and the amount Moore and Myrick are severally entitled to is not shown.

Because a *fi. fa.* issued upon a rule absolute is void, if against a Sheriff; and

Because a *rule nisi* and absolute against a Sheriff is a discharge of the securities.

The Judge sustained the demurrer on these three several grounds, and this decision is alleged to be erroneous.

A. HAMMOND and G. R. HUNTER, for plaintiff in error, cited :

1 *Chit. Pl.* 236.   2 *Kelly,* 474, 257.   2 *Bailey S. C. Rep.* 214, 362.   5 *Binney,* 184.   6 *Cranch,* 253.   4 *McCord,* 458.

GREEN & CANSEY and S. HALL, for defendants in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The breaches in this case are sufficient.   In addition to the general breach assigned, the plaintiff assigns special breaches, with quite sufficient distinctness and particularity.   They are issuable; that is, the defendant is clearly notified of what constitutes the ground of damage to the plaintiff.   He is informed of what he is to defend against.   The plaintiff avers that the usees were both judgment creditors of certain persons; states the amount of each judgment; that executions issued on them and were levied by the Sheriff on certain slaves; that a large amount of money was raised from the sale of the slaves, and went into the hands of the Sheriff.   He also avers, that the usees, Moore and Myrick, were also the owners, by assignment to them, of another judgment against the same defendants, the amount of which is stated, which had also a lien upon the same fund.   He states the aggregate amount due to them upon these three judgments; also, that a rule was moved against the Sheriff for the money; that an issue was formed thereon and sent to a Jury, and a verdict rendered against him for the amount due to them on all these judgments; that a judgment was entered in their favor for that sum, upon which execution issued, and upon which execution there was a return of *nulla bona,* and therefore, he says, they are damaged, &c.   One of the arguments advanced against the sufficiency of the assignment of breaches is, that the declaration does not state the amount due upon these judgments severally, to each of the usees.   That, we think, was not necessary.   Each judgment, its amount, &c. is set forth—upon a rule against the Sheriff a judg-

Towns *vs.* Hicks and Webb.

ment for a specific sum is awarded in their favor jointly. By judgment of the Court, the Sheriff is in default to them that sum, and they sue jointly upon his bond to recover that sum. A recovery in this action would be a good bar to any subsequent several action on the bond brought by either of them.

[2.] The Court below held, that the execution which issued on the judgment on the rule against the Sheriff, was irregular and void, and therefore the action could not be sustained upon the bond against the Sheriff and his sureties. We agree with the Court, that the execution was irregular and void, but we deny the consequence deduced from that fact by the Court. It does not follow, that because the issuing of an execution upon the order absolute, or the judgment of the Court, was irregular, the plaintiffs have no right to proceed upon the bond for the default of the Sheriff. The proceeding against the Sheriff, by rule, is not a suit in which a judgment is rendered on a verdict, which may be enforced by process of *fieri facias*. It is a proceeding addressed to the Court. There may, or may not, be any issue of fact to be tried by a Jury. If there is none, the Court grants an order that the Sheriff pay over the money to the persons entitled to it; that is the judgment of the Court, that so much money is in the hands of its officer, and that he pay it. If there is an issue of fact sent to a Jury, (as in this case,) it is for the purpose of informing the mind of the Court—of instructing its conscience—for money rules against the Sheriff are in the nature of equitable proceedings before a Chancellor. When that is done, the Court will, as where there is no issue, award its judgment. In either case, the Sheriff refusing to comply, is in contempt, and the proper proceeding against him is an attachment for the contempt.

[3.] But what then? Is the party injured by the fault of the Sheriff, denied his remedy on the bond? By no means. The reasoning upon which the Court below went, must have been after this fashion, I suppose: a return of *nulla bona* upon a *fi. fa.* against the Sheriff is necessary to charge his sureties; there is a *fi. fa.* in this case against the Sheriff and a return of *nulla bona;* but the *fi. fa.* and the return are void; therefore the sureties are not liable on the bond. The vice of which reasoning is found in the assumption that a return of *nulla bona* is necessary to charge the sureties. Their undertaking is to make good the official defaults of their principal. That default is, in this case, established

by the *judgment* on the rule; *that* fixes their liability.   Equally unfounded is the idea that a rule absolute against the Sheriff is a satisfaction, and therefore the sureties are not liable.   As before stated, it ascertains, in the most solemn form, his default, to protect against which the bond is given; and their liability continues until that is paid.

Let the judgment be reversed on the three grounds taken in the assignment.