No. 43.—BENJ. O. KEATON and others, plaintiffs in error, *vs.*
THE GOVERNOR, for the use of Ezek. B. Stoddard, defendant
in error.

[1.] Where, in the opinion of the Court, the evidence, as it appears in the
record, is so slight and unsatisfactory as not to authorize the verdict, a
new trial should be granted.

Debt on bond, in Dougherty Superior Court.   Tried before
Judge PERKINS, November Term, 1854.

This was an action against the sureties on a Sheriff's bond.
The breach alleged, was a failure to levy two *fi. fas.* in favor
of Stoddard.   On the trial, the original *fi. fas.* issued from
Baker Superior Court, were offered in evidence.   Objection
was made, that they having been returned to office, were pa-
pers of file, and could be proven only by exemplification of the
whole record.   The Court over-ruled the objection, and the
sureties excepted.

The following letter from plaintiffs' Attorneys to the Sheriff,
was given in evidence:

KNOXVILLE, June 10th, 1841.
"DEAR SIR: We have received $530 of the executions
Ezek. B. Stoddard *vs.* Wilson & Mathis, and we give Thos.
Howard, of your county, control of the executions.   We will
be obliged to you if you will make a calculation of the balance
due on the executions, in principal, interest, protest fees and
costs, and take Mr. Howard's note, payable by the 1st Janu-
ary next, and keep it till we see you.   We will satisfy you for
your trouble, and see your costs paid when we meet with you.
Signed,                      MACON & MAY, Pl'ffs' Att'ys."

The Court refused to charge, that this letter relieved the
sureties from liability for the Sheriff's failure to levy, but
charged, that if the Sheriff took Howard's note for the balance,
and delivered it to plaintiffs' Attorneys, then he and his sure-

ties were relieved; otherwise, they were not.  This charge and refusal to charge, are assigned as errror.

H. MORGAN, for plaintiff in error.

R. F. LYON, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] Taking this record for our guide in this case, our opinion is, that there was not sufficient evidence before the Jury to authorize a recovery by the plaintiff.

The letter of the Attorneys authorizes the inference, that the Sheriff was justifiable in suspending the farther execution of these *fi. fas.* and turning them over to Mr. Howard.

It is admitted for the defendant in error, that if he had so done, he would no longer have been responsible; but it is insisted that the receipt for twenty dollars, given to him by Mr. May, the Attorney for plaintiff in execution, and bearing a date subsequent to the letter, viz: the 26th day of May, 1842, shows that the Sheriff did not turn over the *fi. fas.* to Howard, as requested, but retained possession of them, and should be held responsible for a failure to use diligence in making the money on them.

Now the receipt is dated at a period subsequent to the expiration of this Sheriff's term of office.  It is shown by nothing in the case, when the payment of this twenty dollars was made to him.  More than seven years elapsed after the date of the receipt, before this action was brought on the bond.  Under these circumstances, we feel that the evidence, as it reaches us, without further explanation, is scarcely sufficient to show a want of diligence on the part of the Sheriff.  And with the matter presented by the slight and unsatisfactory evidence before us, (which is all that we can recognize as having been before the Jury,) we hesitate to say that the Jury were justifiable in holding these securities liable.  Upon such evidence, it is better that the case should go back for a new trial.  In that

event, if the plaintiff in execution be entitled to recover, and can show it by sufficient proof, he may yet do so; and will only be postponed in such recovery; whereas the mischief may be irreparable if the judgment below is sustained.