No. 52.—N. W. COLLIER and others, plaintiffs in error, *vs.* EZEKIEL STODDARD, defendant in error.

[1.] Nothing but a breach of *official* duty, is a breach of a Sheriff's bond.

Debt. Baker Superior Court. Tried before Judge PER-KINS, November Term, 1855.

This was an action upon a Sheriff's bond, for failure to make the money upon a *fi. fa.* in favor of E. B. Stoddard *vs.* Wilson & Mathis. Upon the trial, the following letter was given in evidence:

KNOXVILLE, GA. Jan. 10th, 1841.

*Dear Sir* :

We have received Five Hundred and Thirty Dollars of the executions, Ezekiel B. Stoddard *vs.* Wilson & Mathis, and we give Thomas Howard of your county control of the execution. We will be obliged to you if you will make a calculation of the balance due on the executions, of principal and interest, protest fees and costs, and take Mr. Howard's note, payable by first day of January next, and keep it till we see you. We will satisfy you for your trouble and see your cost paid when we meet with you.

Respectfully,                    MACON & MAY,
ROBERT HARDIE,                        Plaintiff's Attorney.
   Sheriff of Baker.

Defendant's Counsel requested the Court to charge, among other things—

That if Hardie undertook the performance of any duty outside of his office, his failure to comply with his undertaking, does not make his securities liable on his bond; and instructions from plaintiff to perform duties not incumbent on him as Sheriff, may or may not be obeyed; but a failure to obey will not make him liable.

The Court declined so to charge, but did charge as follows:

That Macon & May's letter was a letter of instructions; and if they were satisfied that Hardie took Howard's note and turned it over to plaintiff's Attorney, then the sureties were discharged; otherwise, they were not, and that the *onus* was on the defendants to show this fact.

To this charge and refusal to charge, defendants excepted. Other exceptions were filed, but these controlled the case.

MORGAN, for plaintiffs in error.

LYON & CLARK, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] Was the charge right?

The condition of a Sheriff's bond is, that he shall perform the duties which belong to his office of Sheriff. Nothing is a breach of this condition, except a failure by him to perform some one or more of these official duties.

With respect to a *fi. fa.* placed in the Sheriff's hands, his official duty is to do what the *fi. fa.* commands him to do, and that only, viz: to collect the money which the *fi. fa.* requires him to collect, and in the manner which the *fi. fa.* specifies. To act as agent for the plaintiff in the transfer of the *fi. fa.* to some third person, is what the *fi. fa.* does not command him to do. If, therefore, he undertakes to do that

Collier *et al. vs.* Stoddard.

and fails to keep his undertaking, it is no breach of his official bond.

But although this is the duty of a Sheriff, with respect to a *fi. fa.* put in his hands, yet, if the Attorneys for the plaintiff in *fi. fa.* tell him that they have given the control of the *fi. fa.* to another person than the plaintiff in it, and that they will thank him to compute the amount due on the *fi. fa.* and take that person's note for it, this amounts to instructions to the Sheriff to desist from executing the *fi. fa.* It amounts, at least, to saying to him to do nothing with the *fi. fa.* for *the plaintiff* in it, until he receives further instructions.

If, therefore, the Sheriff, after receiving such instructions, desist from executing the *fi. fa.* he does not violate his official duty.

Consequently, such desisting is no breach of the bond of him and his sureties.

If, however, the Sheriff gets a countermand of the instructions, to desist from executing the *fi. fa.* it of course becomes his duty, at once, to resume executing it.

If these positions are correct, as we think they are, the charge of the Court was not right; for that charge made the exemption from liability, on the part of the sureties, depend on whether the Sheriff had, as requested by the plaintiffs' Attorneys, taken Howard's note; i. e. on whether the Sheriff had helped to negotiate the *fi. fa.* to Howard. It was no part of the Sheriff's official duty to help do this.

We think the charge should rather have been, that the letter of the Attorneys for the plaintiffs in *fi. fa.* amounted to instructions to the Sheriff to desist from executing the *fi. fa.* for the benefit of the plaintiff in *fi. fa.*; and that the Sheriff was not bound to resume the work of executing it until those instructions had been withdrawn; and that whether the instructions had been withdrawn or not, was a question to be decided by the Jury from the evidence.

We think, therefore, that a new trial ought to be granted, and granted on this ground, viz: that the charge of the Court was not right.

And this is the ground on which two of the Court, Judge LUMPKIN and myself, put the judgment granting a new trial in this case, when it was up before.  The Court was unanimous in that judgment, but Judge STARNE'S reason for thinking the judgment right was, that the evidence did not authorize the verdict; the reason of the other two members of the Court was, that the charge to the Jury was wrong.  (See 17 *Ga.* 228.)

2d.  As to the ground in the motion for a new trial, that the verdict was contrary to the evidence, we merely say, that in our opinion, there was evidence on both sides of the case. The main question in the case was, whether the Sheriff had, after receiving the letter of the Attorneys for the plaintiffs, been ordered by them to resume the work of executing the *fi. fa.*; and there were facts in proof from which the Jury might, on this question, make opposite inferences.