It was in evidence that the plaintiff, R. S. Wells, instituted an action in the Superior Court of Wilson County against one Joshua Hines and wife for the recovery of certain personal property situated in the county of Edgecombe. That claim and delivery papers with the usual mandate from the clerk were issued to the defendant Bourne, Sheriff of Edgecombe County. That under and by virtue of said papers and mandate, the said Bourne seized and took into his possession certain of the personal property therein described, and upon the defendants, Hines and wife, executing and delivering to him an undertaking with two sureties in the sum prescribed by law — within the time prescribed by law after the seizure of said property — the defendant Bourne surrendered said property to the defendants. That the said undertaking was not in the form required by the statute, and was not justified as to either surety thereto. The record of said suit from the Superior Court of Wilson County was put in evidence by plaintiff, down to and including the judgment — no execution was offered. That it appeared therefrom that judgment was rendered therein in favor of plaintiff Wells for *Page 63 
the recovery of said property at ___ dollars, and judgment on bond in case property could not be found. The plaintiff offered to show by F. A. Woodard, attorney for plaintiff in the suit against (84) Hines and wife, that execution had issued upon the judgment in that court, and that nothing had been realized thereby, and that same had been returned nulla bona; the execution was not offered. To this evidence the defendant objected. Objection sustained, and plaintiff appealed.
The court held, that on the evidence, there was a breach of defendant's bond, and in the absence of any evidence that the property could not be found or that the sureties were insolvent, the damages were only nominal.
There was verdict for breach of bond and for five cents damages.
Plaintiff moved for a new trial for error in rejecting the above evidence, and appealed from the refusal of such motion.
The defendant, Sheriff, in delivering the property to the defendant without taking a proper undertaking and requiring the same to be justified, became "responsible for the defendant's sureties" (The Code, sec. 327), or, in other words, became liable himself as a surety to such undertaking. The measure of liability upon such an undertaking is the delivery of the property to the plaintiff (if such delivery be adjudged), with damages for its deterioration, or, if such delivery cannot be had, then for the value of the property. The Code, sec. 326. It was necessary, in order to subject the sheriff as surety, to show that execution had been returned unsatisfied. The execution issued to the sheriff of Wilson County, and his return of nulla bona was not introduced, nor its non-production accounted for, and his Honor properly excluded oral evidence thereof. The law requires such returns, etc., to be in writing, and public policy requires that such evidence shall not be dispensed unless it has been lost or destroyed. The (85) return in this instance is not within the principle of Pollock v.Wilcox, 68 N.C. 46, and other cases cited, in reference to the exception, where the fact sought to be proved is collateral to the writing. The evidence being properly excluded, there was nothing to show any actual damage sustained by the plaintiff, and the judgment below must therefore be
Affirmed. *Page 64