R. S. WELLS v. H. C. BOURNE et al.

*Failure of Sheriff to Take Proper Replevin Bond—Liable Only when Property Cannot be Found or Execution is Returned Unsatisfied—Measure of Damages—Secondary Evidence.*

1. In delivering property to a defendant, when seized in claim and delivery proceedings without taking a proper undertaking and requiring the same to be justified, a Sheriff becomes liable as a surety thereon.

2. In such case the measure of liability is the delivery of the property to the plaintiff (if such delivery be adjudged), with damages for its deterioration, or (failing delivery) the value of the property; and to subject the Sheriff as surety, it is necessary to show that execution has been returned unsatisfied.

3. Returns on execution being required to be in writing, oral evidence in relation thereto will not be allowed when the non-production, by reason of loss or destruction, is not properly accounted for. (*Pollock* v. *Wilcox*, 68 N. C., 46, cited and distinguished.)

4. Where plaintiff, in an action against a Sheriff to recover damages for his failure to take a proper undertaking for the return of property seized by him at the instance of plaintiff and adjudged to be returned, failed to show that execution issued for the property and against the sureties on the undertaking had been returned unsatisfied, he failed to show, and cannot recover, actual damage against such Sheriff.

CIVIL ACTION, tried before *Hoke, J.*, EDGECOMBE Superior Court, Spring Term, 1893, against the defendant Bourne, Sheriff, and his sureties, for breach of his official bond, and consequent damage to the plaintiff.

It was in evidence that the plaintiff R. S. Wells instituted an action in the Superior Court of Wilson County against one Joshua Hines and wife for the recovery of certain personal property situated in the county of Edgecombe. That claim and delivery papers with the usual mandate from the Clerk were issued to the defendant Bourne, Sheriff of Edgecombe County. That under and by virtue of said papers and mandate, the said Bourne seized and took into his possession certain of the personal property therein described, and upon the defendants Hines and wife executing and delivering to him an undertaking with two sureties in the sum prescribed by law—within the time prescribed by law after the seizure of said property—the defendant Bourne surrendered said property to the defendants. That the said undertaking was not in the form required by the statute, and was not justified as to either surety thereto. The record of said suit from the Superior Court of Wilson County was put in evidence by plaintiff, down to and including the judgment—no execution was offered. That it appeared therefrom that judgment was rendered therein in favor of plaintiff Wells for the recovery of said property at _____ dollars, and judgment on bond in

case property could not be found. The plaintiff offered to show by F. A. Woodard, attorney for plaintiff in the suit against Hines and wife, that execution had issued upon the judgment in that Court, and that nothing had been realized thereby, and that same had been returned *nulla bona;* the execution was not offered. To this evidence the defendant objected. Objection sustained, and plaintiff appealed.

The Court held that, on the evidence, there was a breach of defendant's bond, and in the absence of any evidence that the property could not be found or that the sureties were insolvent, the damages were only nominal.

There was verdict for breach of bond and for five cents damages.

Plaintiff moved for a new trial for error in rejecting the above evidence, and appealed from the refusal of such motion.

*Mr. John L. Bridgers,* for plaintiff (appellant).
*Mr. Don. Gilliam,* for defendants.

SHEPHERD, C. J.: The defendant Sheriff, in delivering the property to the defendant without taking a proper undertaking and requiring the same to be justified, became "responsible for the defendant's sureties" (*The Code,* § 327), or, in other words, became liable himself as a surety to such undertaking. The measure of liability upon such an undertaking is the delivery of the property to the plaintiff (if such delivery be adjudged), with damages for its deterioration, or, if such delivery cannot be had, then for the value of the property. *The Code,* § 326. It was necessary, in order to subject the Sheriff as surety, to show that execution had been returned unsatisfied. The execution issued to the Sheriff of Wilson County, and his return of *nulla bona* was not introduced, nor its non-production accounted for, and his Honor properly excluded oral evidence thereof. The law requires such returns, etc., to be in writing, and public policy requires that

such evidence shall not be dispensed unless it has been lost or destroyed. The return in this instance is not within the principle of *Pollock* v. *Wilcox*, 68 N. C, 46, and other cases cited, in reference to the exception, where the fact sought to be proved is collateral to the writing. The evidence being properly excluded, there was nothing to show any actual damage sustained by the plaintiff, and the judgment below must therefore be                         ,                  Affirmed.