## W. R. ADAMS ET AL. V. A. WEISBERGER ET AL.

FILED JUNE 19, 1901.   No. 9,807.

Commissioner's opinion, Department No. 3.

1. **Action on Official Bond:** REPLEVIN BOND: INSUFFICIENT SECURITY. In an action against an officer for taking insufficient security upon a bond in replevin, in a suit pending before a justice of the peace, the plaintiff need not allege in his petition, although he may be required to prove upon the trial, that he has prosecuted the sureties upon the bond to judgment and execution without obtaining satisfaction.

2. **Officer Taking Security Becomes Guarantor of Its Sufficiency at Taking:** PETITION: ALLEGATION. An officer who takes security upon a replevin bond in an action pending before a justice of the peace guarantees absolutely that the surety is sufficient at the time he is accepted. In an action upon the bond of such officer for damages for taking insufficient security it is not necessary to allege that in so doing the defendant acted wrongfully or negligently, and it is not a defense that the latter acted in good faith and with the exercise of diligence.

3. **Action on Official Bond:** TAKING INSUFFICIENT SECURITY ON RE-PLEVIN BOND: JUDGMENT IN REPLEVIN: RETURN NULLA BONA: JURISDICTION OF JUSTICE IMMATERIAL. When, in an action on the bond of an officer for taking insufficient security upon a replevin bond in a suit pending before a justice of the peace, it has been proved that the sureties upon the latter bond have been prosecuted to judgment and execution, without obtaining satisfaction, and that the judgment remains in force and unimpeached by the parties to it, it is immaterial whether the justice did or did not exceed his jurisdiction in rendering judgment in the replevin suit.

4. **Duty of Legislature to Express and of the Courts to Interpret the Public Will.** The function of expressing the public will is intrusted to the legislature, but not to the courts, and to this principle it is the duty of the latter to give practical force as well as theoretical recognition.

ERROR from the district court for Douglas county. Tried below before SLABAUGH, J. *Affirmed.*

*Brome & Burnett,* for plaintiffs in error.

*Bartlett, Baldrige & DeBord, contra.*

AMES, C.

This was an action in the district court for Douglas county against a constable and his sureties upon his official bond, for having taken insufficient security upon a replevin bond in a suit pending before a justice of the peace. The property taken in replevin was appraised at the value of $200, and the penalty of the replevin bond was double that amount. The replevin suit proceeded to judgment, before the justice, in behalf of the defendant for a return of the property, or, in case a return could not be had, for the value of the interest of the defendant therein which was adjudged to be $200 and for costs. Execution upon this judgment was issued and returned unsatisfied for want of goods or chattels whereof to levy the same. Thereupon the defendant in the replevin suit brought an action in the county court of Douglas county upon the replevin bond against the principal and surety thereon to recover damages for the breach of that bond on account of the failure of the plaintiff in the latter action to obtain satisfaction of his judgment in replevin. The suit upon the bond proceeded to judgment in favor of the plaintiff therein for damages and costs on account of the breach alleged, and upon this judgment, execution was also issued and returned unsatisfied for want of goods or chattels whereof to levy the same. Still subsequently, this action was brought in the district court for Douglas county against the constable and his sureties, upon the official bond of the former, to recover damages for a breach of that bond on account of the above related transactions, and because of the alleged insufficiency of the surety in replevin. Answers were filed by the sureties admitting the official bond and official character of their co-defendant, Adams, but denying generally every other fact alleged against them. The answer of Adams denies the insufficiency of the surety upon the replevin bond and pleads affirmatively that he used due diligence in the matter of taking the bond and that he made diligent inquiry as to the financial worth and

responsibility of the surety thereon and required the latter to justify, by making oath as to his responsibility to the effect that he was worth in real and personal property situate in Douglas county, and not exempt from execution, at least the sum of $700, and that from such oath and as the result of such inquiries he had good reason to believe and did, in fact, believe that the surety was sufficiently responsible, and that in accepting him as such he exercised due diligence and was free from negligence, and denies the other matters alleged in the petition against himself. The action below was tried before Judge Slabaugh and a jury and resulted in a judgment and verdict for the plaintiff and is brought here on error by the constable and his sureties.

It is first assigned for error that the court overruled an objection by the defendants to the introduction of any evidence on the ground that the petition does not state facts sufficient to constitute a cause of action, and it is argued in support of this objection, that the petition is fatally defective in failing to set forth the suit upon the replevin bond and the failure of the plaintiff to obtain satisfaction thereby. The petition, however, contained the following allegation: "The plaintiff alleges that said replevin bond given in said action, and signed by The Bates Company and C. D. Cannon, as obligors, was worthless and was not sufficient security, and that said obligors, The Bates Company and C. D. Cannon, were not sufficient surety, and that they and each of them were insufficient surety, and that in accepting said bond, said W. R. Adams, constable, took insufficient security to the plaintiff's damage in the amount of the judgment and costs rendered in said action, to-wit, in the sum of $225." The statute enacts that "if the officer deliver any property so taken, to the plaintiff, his agent, or attorney, or keep the same from the defendant without taking such security within the time aforesaid, or if he take insufficient security, he shall be liable to the defendant in damages." Code of Civil Procedure, sec. 1040. The defendant in error contends that in an action

on the constable's bond it is sufficient to assign the breach in the language of the statute, which he has in substance done, and that the record of the suit on the replevin bond is part of the evidence merely, by which the existence of the breach is proved, and that, as in case of other evidence, it is neither necessary nor proper to plead it. The defendant in error has the best of the argument. The defendant in replevin suing upon the officer's bond need not plead how he expects to prove that the security was insufficient. It is enough for him to allege that it was insufficient and that in consequence of that fact he has suffered damages. The record of the suit on the replevin bond is not the only, or conclusive, nor yet the complete evidence requisite to support the claim. A case is conceivable in which, notwithstanding a fruitless prosecution of the replevin bond, he has suffered no damage, and, besides, he may even have suffered damage without legal injury. The officer is required to take security which shall be sufficient at the time it is taken, not such as shall remain sufficient for an indefinite time and until the determination of two suits, one of which is just begun and may consume years in its progress, and the other of which can not be begun until after the former has terminated.

It is further objected that the petition does not allege the taking of insufficient security to have been wrongful or negligent. The reasoning applicable to the former objection applies in a measure to this also, but there is another consideration even more radical and conclusive for denying its validity. The statute above quoted enacts, without qualification or exception, that the officer shall be liable in damages "if he take insufficient security." The official bond sued upon is conditioned as required by section 12 of chapter 10 of the Compiled Statutes, for the faithful discharge of all duties required of the officer by law. This court has held, after mature deliberation, that this condition requires of the principal, who is a custodian of public moneys, the absolute accounting for and payment over of such moneys coming into his official possession,

and that the utmost care and diligence on his part, or the loss of the funds by inevitable accident which no human foresight and skill could have guarded against, will not excuse him or his sureties for not having them forthcoming when required. *Bush v. Johnson County,* 48 Nebr., 1. No reason can be assigned for the existence of this rule in the case of fiscal officers that does not apply with equal or greater force to officers who accept sureties upon judicial bonds and recognizances. Indeed, the justness of the rule is more apparent in the latter case than in the former. The public may and does supervise its treasurers to any extent it deems advisable, requiring of them frequent accounts, and subjecting their books and records to frequent examinations, and summarily removing them from office in case of actual or threatened delinquency. The private litigant has none of these rights or powers, but is absolutely at the mercy of the officer entrusted with the authority to substitute personal security, a mere chose in action, for his rightful possession of his own property. But in the case at bar it may seem to be a work of supererogation to speculate as to the wisdom of the law or the motives which may have prompted its enactment. The function of expressing the public will is intrusted, not to the courts but to the legislature, and to this principle it is the duty of the former to give practical force as well as theoretical recognition. The issue of negligence can not be imported into this case without open violation of an unqualified, unequivocal and unambiguous statute.

It is still further contended by the plaintiff in error that this action can not be maintained because, it is said, the justice exceeded his jurisdiction in the rendition of judgment in the suit in replevin. The answer to this objection is that the replevin bond was valid when executed; that it was afterwards sued upon in a court of competent jurisdiction and a judgment for damages recovered thereon for condition broken; that, however erroneous that judgment may be, it remains in full force and unimpeached by the parties thereto and that it is not subject to collateral at-

tack. Whether the sureties on that bond are justly or unjustly held to be liable, is a matter with which he has, and has had, no concern. What he was required to do was to see to it that, in case they should be held liable, they should be of sufficient ability to respond in damages, or at least, that they had such ability at the time he accepted them. The admission of the justice's docket in evidence, while it was erroneous, wrought the plaintiff in error no injury. The turning point in the case was the sufficiency of the surety on the replevin bond at the time that instrument was executed. In fact, this was the only material issue in the case about which there was any real controversy. With respect to it there was a mass of conflicting testimony. The question was fairly left to the jury by the instructions and their verdict with respect to it is final.

There are other errors assigned in the brief of the plaintiff in error, but they have in effect been disposed of by what has been already said, and a specific discussion of them would serve no useful purpose. The judgment of the district court should be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.