19866.   HARTFORD ACCIDENT & INDEMNITY COMPANY *v.* YOUNG.

BELL, J.   1. The measure of damages for the breach of the official bond of a sheriff is ordinarily the amount of injury actually sustained, including the reasonable expenses of the suit thereon, besides the costs of court.   Civil Code (1910), § 299; *Towns* v. *Hicks*, 6 *Ga.* 239 (2); *Taylor* v. *Johnson*, 17 *Ga.* 521; *Terrell* v. *McLean*, 130 *Ga.* 633 (2) (61 S. E. 485).   As to the principal amount claimed, this was the measure of damages pleaded in the present case.

2. The bond sued on in this case was not under seal.   Whether, in view of this fact, the period of limitation is twenty years, as provided in the Civil Code (1910), § 4359 (see, in this connection, *Harris* v. *Black*, 143 *Ga.* 497 (5), 85 S. E. 742; *Slaton* v. *Morrison*, 144 *Ga.* 471; *Morrison* v. *Fidelity &c. Co.*, 150 *Ga.* 54 (3), 87 S. E. 390), or six years as provided in section 4361 of the Civil Code, the action does not appear to be barred by limitation.   The plaintiff's right to subject the property levied upon under his lien foreclosure was not finally adjudicated until January 3, 1929, and at no previous time could he have held the sheriff accountable.   The right of action against a sheriff for the acceptance of an insolvent or insufficient surety upon a bond does not accrue until such a judgment has been rendered as will charge the bond, or until the liability of the surety thereon has accrued and an execution has been issued against him and returned unsatisfied.   *Hardy* v. *Poss*, 120 *Ga.* 385 (2) (47 S. E. 947); Newbert *v.* Cunningham, 50 Me. 231 (79 Am. D. 612); West *v.* Tuttle, 11 Wend. (N. Y) 639; Wells *v.* Bourne, 113 N. C. 82 (18 S. E. 106); Parker *v.* Young, 188 Mass. 600 (75 N. E. 98); 35 Cyc. 1717; 24 R. C. L. 988.

3. It was not incumbent upon the plaintiff to object to the security taken by the sheriff upon the replevy bond; nor was it necessary for the plaintiff to allege the place of residence either of the principal or the surety upon the replevy bond, or that they did not have property outside the State of Georgia, or the making of a demand on either of them or upon the defendant indemnity company before filing suit upon the sheriff's bond.

4. The allegations of fact in the petition were sufficient to show a breach of duty on the part of the sheriff in taking insufficient security on the replevy bond, and that in consequence of such default the plaintiff was damaged in the amount claimed.   Wilkins *v.* Dingley, 29 Me. 73; 9 Rob. (La.) 394; Adams *v.* Weisberger, 62 Neb. 325 (87 N. W. 16); Sparhawk *v.* Bartlett, 2 Mass. 188; Edwards-Barnard Co. *v.* Pflanz, 115 Ky. 393 (73 S. W. 1018), 35 Cyc. 1712.

5. Under the provisions of the Civil Code, § 299, a party damaged by the breach of a sheriff's bond may recover the expenses of suit in addition to the costs of court.   This will include necessary and reasonable attorney's fees.   In a case arising under this section it is unnecessary to show bad faith or the like as a condition to the recovery of attorney's fees, as in cases falling under section 4392 of the Civil Code.

6. Under these rulings the petition set forth a cause of action and there was no merit in any ground of the defendant's demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 1, 1930.

*Maddox, Mathews & Owens,* for plaintiff in error.
*Porter & Mebane,* contra.