21872. DUNN *v.* UNITED STATES FIDELITY AND
GUARANTY CO., *et al.*

DECIDED APRIL 29, 1932. REHEARING DENIED JUNE 14, 1932.

*Paul T. Chance,* for plaintiff.
*James S. Bussey Jr., W. Inman Curry,* for defendants.

LUKE, J. In an action for damages resulting from an alleged breach of the official bond of the sheriff of Richmond county, in the city court of Richmond county, wherein J. E. Dunn is plaintiff and United States Fidelity & Guaranty Company and others are defendants, the jury returned a verdict for the defendants. Exception is taken to the order of the trial court overruling the plainiff's motion for a new trial in which are four special grounds, in addition to the usual general grounds.

The facts alleged in the plaintiff's petition are, substantially, that plaintiff instituted an action of trover to recover an automobile sold to Levi Chaveous under a conditional-sale contract reserving title in petitioner; that upon levy of process the sheriff accepted and approved a bond with one A. F. Greene as surety; that plaintiff was awarded a money verdict and judgment in the trover action; that execution on the judgment was unsatisfied for a period of nearly five years; that, the sheriff having died, a deputy sheriff then returned a nulla bona on the execution, reciting that no property of either the principal or the surety could be found to satisfy the execution; that at the time the bond was accepted both the principal, Chaveous, and the surety, Greene, were insolvent, and both have continued insolvent; that the defendant, United States Fidelity & Guaranty Company, is surety on the official bond of the sheriff; and that "by accepting the said insolvent surety on said replevy bond, and by releasing plaintiff's said property upon said insufficient bond, the said officer committed a breach of his bond as sheriff of said county."

The answer denied the material allegations of the petition, and by way of affirmative defense alleged: "6. Further answering paragraph 6, this defendant says that at the time Jerome J. Bazemore, deputy sheriff of Richmond county, Georgia, accepted A. F. Greene as surety on said replevy bond, an investigation was made of the financial responsibility of the said prospective surety; that the amount of the bond was $600, and was accepted by said Jerome L. Bazemore on January 26, 1925, and that at the time and before accepting said bond the said deputy ascertained from the tax-receiver's office of Richmond county, Georgia, that the said A. F. Greene made a tax return for 1924, which was the last previous return made by A. F. Greene up to the date of said bond, of personal property amounting to $275, and real estate amounting to $14,450, a total of $14,725; that said property is returned for about fifty per cent. of the actual value thereof, and according to the tax return at that time the said A. F. Greene was worth approximately $30,000." Defendant's answer, in general terms, also averred that the deputy acted in good faith, and exercised all reasonable care and diligence in accepting and approving said bond, and before accepting the bond ascertained the amount of property returned by Greene for taxation as stated.

The defendant's evidence was, as we think, sufficient to support the verdict rendered.

The first of the special grounds of the motion for a new trial avers that "the verdict of the jury is contrary to the following charge given them by the court, and which is the law and is controlling under the evidence adduced, to wit: . . 'Where an officer accepts in such civil proceedings an insolvent bondsman who is found to be unable to respond to the judgment, and releases the plaintiff's property upon such insolvent surety, resulting in loss to the plaintiff, then I charge you that negligence on the part of such officer is by law presumed, and that presumption can only be overcome by such officer showing that he has in some way been misled or deceived by the records wherein the property of such bondsman is by law required or supposed to be recorded, or by the officer, exercising all due care and caution, which of course would include looking at the records and scanning the records, as is the custom of the sheriffs to do.'" Of course this special ground is but an enlargement of the general grounds, which have already been disposed of; •

but it is quoted here at length because the case, so far as we have ascertained, is without precedent in the decisions of our appellate courts.

The second special ground avers error in another excerpt from the charge, which, because of its length, will not be quoted. In this excerpt the court instructs the jury that the standard of care and diligence required by law depends upon the circumstances of each particular case; indicates the nature of the sheriff's duties in the premises, and of his responsibility; and points out that, if in the opinion of the jury, in the circumstances of the case, due care and caution was exercised, although it may have developed afterwards that the bondsman was not solvent, this fact would not make the sheriff a surety and render him liable upon his official bond. The criticisms advanced in the second, as well as in the third and ₀fourth special grounds (which are also directed to portions of the charge) will be considered together, for the reason that, in the last analysis, the record presents a single controlling question for the consideration and determination of this court. For such value as they may possess as precedents, we quote the excerpts from the charge challenged by the third and fourth grounds of exception. (3) "I charge you that if you find that Jerome J. Bazemore, deputy sheriff, exercised reasonable care in taking the bond of Archie F. Greene [A. F. Greene] in the case of Dunn & Poole vs. Levi Chaveous, then your verdict should be for the defendant. An officer, if he exercises reasonable care, does not insure the continued solvency of the bondsman, and I charge you, as a matter of law, that if, when this bond was taken, Jerome J. Bazemore exercised reasonable care in accepting the surety, then the fact that later on the surety became insolvent relieves the defendant of any responsibility." (4) "Now, it is distinctly a matter for you to determine, as all questions of fact, whether the sheriff or his deputy exercised that care required by the surrounding circumstances of this bail-trover action, whether the sheriff exercised that care required by the statute, or required of his office by the statute. The statute requires that he accept a good bondsman. Custom, circumstances of the case, and reason enter into just what method shall be indulged in on the part of the sheriff as to what care is required and just what diligence he must exercise to determine whether the bondsman is good or not."

It is claimed that these three latter excerpts from the charge contain harmful error, mainly for the reason that none of them is applicable to the issues in the case, and for the reason that the law as to the duty and responsibility of an officer in accepting and approving such a bond is not correctly charged. It is the contention of the movant that no question of due care and diligence upon the part of the officer arises in the 'case, and that *Hartford Accident & Indemnity Co.* v. *Young,* 40 *Ga. App.* 843 (151 S. E. 680), is controlling. While it is true that there are some authorities holding the officer liable for the solvency of sureties accepted by him, and that the exercise of due care and diligence is not available as a defense to an action against him, it is more generally the accepted doctrine that the officer is not an insurer or guarantor of the sufficiency of such sureties. In the absence of any statutory liability of the officer in such cases, we are unwilling to subscribe to the doctrine that imposes such liability absolutely. In the case of *Hartford Accident &c. Co.* v. *Young,* supra, the petition alleged that the surety on the bond was insolvent at the time the bond was accepted, and this court held that allegations to that effect, as against a general demurrer, stated a valid cause of action against the officer for a breach of his official bond. But the precise question arising upon the record here was not before the court in that case. In the instant case there was some evidence that the officer made an inspection of the records of the tax-receiver's office for the purpose of determining the sufficiency of the surety, and that he was persuaded, from his inspection of those records, that the surety was solvent and sufficient. This was enough, in our opinion, to entitle the defendant to have the jury pass upon the question of due care and diligence upon the part of the officer. The jury decided that issue in favor of the defendant, and on none of the grounds of error assigned ought their verdict to be set aside. The trial court did not err in refusing to sustain the motion for a new trial. See *Westberry* v. *Hand,* 19 *Ga. App.* 529 (91 S. E. 930).

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*