## 22734. MILES et al. v. WATERS.

BROYLES, C. J.  1. It is well settled that the grantor in a security deed has no interest in the land thereby conveyed which can be subjected to levy and sale by a creditor whose judgment was obtained after the execution of the deed, until the creditor redeems it by paying to the grantee the full amount of his secured debt.  Civil Code (1910), § 6038; *Shumate* v. *McLendon*, 120 *Ga.* 396 (48 S. E. 10); *Va.-C. Chemical Co.* v. *Williams*, 146 *Ga.* 482 (91 S. E. 543); *First Nat. Bank* v. *McFarlin*, 146 *Ga.* 717 (92 S. E. 69); *Buchan* v. *Williamson*, 131 *Ga.* 501, 503 (62 S. E. 815); *Kidd* v. *Kidd*, 158 *Ga.* 546, 553 (124 S. E. 45, 36 A. L. R. 798).

2. On January 29, 1926, R. W. DeLoach (defendant in fi. fa. in the instant case) executed to Southern Naval Stores Company a deed to certain land to secure a debt.  The deed was duly and properly recorded, and subsequently was duly and legally, and for a valuable consideration, transferred by the Southern Naval Stores Company to A. A. Waters, who held and owned it at the time of the trial.  On February 27, 1929, R. W. DeLoach executed to said Waters, for a valuable consideration, a turpentine lease, for a period of five years, on the turpentine timber located on the same land covered by the said security deed.  The lease was duly and properly recorded.  On May 7, 1928, E. E. Miles et al., doing business as Pine Grove Stave Company, obtained a judgment against R. W. De-Loach, which is still outstanding and unpaid.  Execution issued thereon and was duly and legally placed on the general execution docket on May 17, 1928.  In July, 1931, the execution was levied on the aforesaid turpentine lease.  At the time of the levy R. W. DeLoach was living on the land containing the turpentine timber covered by the lease, and is still in possession of such land.  A. A. Waters filed his claim to the property levied upon; and the judge, sitting without the intervention of a jury, adjudged that the property was not subject to the execution of the plaintiff in fi. fa., but was the property of the claimant.  *Held*, that the facts of the case bring it within the ruling in paragraph 1 above, and the judgment must be and is

*Affirmed.  MacIntyre and Guerry, JJ., concur.*

DECIDED MAY 10, 1933.  REHEARING DENIED JUNE 14, 1933.

*P. M. Anderson, J. B. Moore,* for plaintiffs.
*J. P. Dukes,* for defendant.