47202. ATLAS SUPPLY COMPANY v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.

ARGUED MAY 2, 1972—DECIDED JUNE 15, 1972.

*Wendell C. Lindsey,* for appellant.

*Fred D. Bentley, Sr.,* for appellees.

Stolz, Judge. 1. The defendant clerk is not an insurer or guarantor of the solvency or sufficiency of sureties accepted by him on bonds, his duty and responsibility in this regard being limited to the exercise of due care and diligence in determining the sureties' solvency and sufficiency. *Dunn v. U. S. Fidel. &c. Co.,* 45 Ga. App. 249 (164 SE 480).

In the absence of any legal requirement that sureties be residents of this State, the question of the surety's residence is not relevant, the issue here being the sufficiency of the surety's leviable assets within this State. Nor does the showing that nulla bona was returned in Fulton County prove lack of leviable assets in Cobb County or elsewhere in the State at the time the nulla bona was returned, much less at the time of the acceptance of the surety on the bond.

There was evidence that the surety owned stock in several corporations in Cobb County and in Georgia at the time the bond was approved. Stock in a corporation is a chose in action and, in the absence of a statute, would not be subject to levy and sale under execution. *Code* § 39-113; *Fourth Nat. Bank v. Swift & Co.,* 32 Ga. App. 589 (1) (124 SE 181). Although the first sentence of *Code* § 39-123, which changed the common law so as to *explicitly* authorize levying on stock, was specifically repealed by the legislature in its enactment of the Uniform Commercial Code, Ga. L. 1962, pp. 156, 427 (*Code Ann.* § 109A-10—103), the legislative intent to retain this right is probably *implicit* in the

unrepealed portion of § 39-123, together with the provisions of *Code* § 39-124 and *Code Ann.* § 109A-8—317 (Ga. L. 1962, pp. 156, 372).

Regardless of the status of the right to levy on stock under existing law, however, the evidence showed that the surety owned considerable realty in Cobb and Bartow Counties at the time the bond was approved. The amount of security was not reduced by the fact that some of this property was encumbered, since the plaintiff could redeem such property by paying to the grantee the full amount of the grantor's secured debt, then levy on it as the property of the grantor-surety. *Code* § 39-201; *Miles v. Waters,* 47 Ga. App. 25 (1) (169 SE 783) and cit.

2. The trial judge did not err in refusing to admit in evidence the entire record in the plaintiff's former action on the materialmen's lien bond against the vendee and the surety, since he admitted in evidence the bond itself, the judgment (which was stipulated by the parties to have been rendered in the action on the bond) and the fi. fa., on which nulla bona was entered. This was sufficient to prove the judgment rendered on the bond, as required under our ruling in *Atlas Supply Co. v. U. S. Fidel. &c. Co.,* 119 Ga. App. 152, supra, the judgment entry being prima facie correct and conclusive upon all of the issues necessary to have been adjudicated. See *Gibson v. Robinson,* 90 Ga. 756, 763 (16 SE 969, 35 ASR 250); *Newby v. Armour Agricultural Chemical Co.,* 119 Ga. App. 650 (4) (168 SE2d 652), citing *Schley v. Schofield & Sons,* 61 Ga. 528, 531.

3. Nor did the trial judge err in admitting, over the plaintiff's general objection, a warranty deed (dated 3½ years prior to the acceptance of the surety) from a corporation owned by the surety and his wife to Cobb County, after testimony of such transaction was allowed in evidence several times without objection. *Cowsert v. Nunnally,* 113 Ga. App. 200 (2) (147 SE2d 680) and cit. "We also point out that since this case was tried without a jury, the trial judge has a much broader discretion in the admission of evidence since it is presumed that in his consideration of the evi-

dence he sifted the wheat from the chaff and selected the legal testimony. Thus, his judgment will not be reversed where there is any legal evidence to support the finding." *Dowling v. Jones-Logan Co.,* 123 Ga. App. 380 (3) (181 SE2d 75) and cit.

The evidence authorized the finding that the defendant clerk exercised due care and diligence in determining the solvency and sufficiency of the surety accepted by him on the bond, and no error of law appearing, the trial court did not err in entering a judgment for the defendants and overruling the motion for new trial.

*Judgment affirmed. Bell, C. J., concurs. Evans, J., concurs in the judgment only.*