Sledge vs. Lee.

No. 72.—NATHANIEL SLEDGE, plaintiff in error, vs. JOSEPH A. L. LEE, defendant in error.

[1.] Before the defendant in attachment can maintain a suit on the bond, he must, by a previous recovery against the plaintiff, ascertain his damages.

Debt, in Muscogee Superior Court. Tried before Judge WORRILL, 19th January, 1856.

This was an action brought by Sledge against Ingoldsby, Bosseau & Halsted, principals, and Joseph A. L. Lee, surety, on an attachment bond, for damages for suing out an attachment. Lee only was served. On the trial, plaintiff offered in evidence the affidavit and bond, (made by H. Holt, Attorney for plaintiffs in attachment, and Lee as surety,) to which defendants objected, unless Counsel for plaintiff would state he expected to show that there had been a recovery for damages against the principals. It being admitted there was no such recovery, the Court ruled out the evidence, and non-suited the plaintiff. This decision is assigned as error.

DOUGHERTY, for plaintiff in error.

H. HOLT, for defendant in error.

By the Court.—LUMPKIN, J. delivering the opinion.

[1.] The single question in this case is, has the defendant in attachment the right to maintain an action on the bond, without first ascertaining his damages by a suit against the plaintiff in attachment? We hold that he cannot.

We fully appreciate the argument, ab inconvenienti, against this conclusion. And concede that in some cases it amounts to a denial of justice; for it is true, that attachments are frequently sued out by non-residents and transient persons,

whom it would often be difficult and sometimes impracticable, to sue; and therefore, if the language of the Act were doubtful, these considerations would induce us to hold that a previous suit was not necessary.

But the words of the Statute are so plain that we do not feel at liberty to put such a forced construction upon them. The obligors stipulate to pay " all costs which may be recovered by the defendant, in case the plaintiff suing out such attachment shall discontinue or be cast in his suit; and also, all damages which may be recovered against the *said plaintiff*, for suing out the same." (*Cobb*, 70.)

Can there be any breach of the bond until the damages are ascertained by a recovery against the plaintiff and a failure to collect them? Is not this the condition upon which, alone, the liability of the obligors accrues? And can there be an assignment negativing this condition, until it has been broken? And does not the radical defect in the opposite position, consist in holding that the right to recover depends upon a fact to be ascertained at the *end* of the suit, when, by the terms of the bond and of the law, it is made to depend upon a default which has already transpired?

But it is argued that this interpretation makes the Act contradict itself, in this: that the obligor's undertaking is limited by the penalty of the bond; and yet, the recovery against the plaintiff in the previous suit, may be for a larger amount. This may be, although it will seldom happen, inasmuch as the bond must be for at least double the amount of the debt attached; and the levying officer is not authorized to seize more property than is sufficient to satisfy the creditors. He makes himself liable for an excessive levy. The damages, therefore, will rarely exceed the penalty of the bond.

But suppose it were otherwise, how often does it happen in an action upon a bond, the actual damages proven exceed the penalty? Still, the recovery is necessarily limited by the penalty. Besides, the objection applies with equal force, supposing the action to be brought at once upon the bond. Will

not the measure of damages or recovery be the same under either mode of procedure? Still, the penalty cannot be transcended.

The litigation between these parties, has given rise, already, to two good Statutes. We trust this decision may show the necessity of a third.

Whether the defendant might succeed by stating a special case, either at Law or in Equity, or whether he be wholly remediless, it is not our province to say. We would recommend, however, that he invoke legislation for himself and all others similarly situated. It is the practical administration of the law that develops its defects and points out the remedy.