TERRELL, Governor, for use, etc., *v.* McLEAN *et al.*

1. The sureties on the official bond of a clerk of the superior court are answerable in damages to parties injured by the officer's misconduct and neglect.

2. The measure of damages upon the clerk's official bond, for the misconduct of the officer, is the amount of the injury actually sustained, including the reasonable expenses of the suit to the plaintiff, besides the costs of suit.

3. If the loss alleged to have been sustained by the clerk's misconduct was not the proximate result of the misconduct, and would have been sustained had the clerk been guiltless of such misconduct, the sureties on his bond are not answerable for the loss.

4. Possession of land by one who has an unrecorded deed from his vendor, conveying a definitely described tract or lot of land, and who resides upon the land and cultivates a part thereof and bona fide claims the whole, is sufficient to give notice to another, who subsequently lends money to his vendor and takes a deed to the same land to secure the loan, as to the extent and character of the occupant's title to the whole lot.

5. In a suit on the official bond of a clerk, where it appears that the clerk was the owner of a lot of land and sold it, executing a deed thereto and putting the purchaser in possession, and thereafter borrowed money for his personal use from the plaintiff, and secured the loan by a deed to the same land, which he failed to record, and upon which he endorsed a false certificate of registration, the measure of damages is the loss which the lender sustained by reason of the default and misconduct of the clerk. And where the security deed, under the circumstances above stated, would have been postponed to the prior conveyance, even though the clerk had recorded the security deed, the plaintiff can not recover from the sureties on the official bond the money lost by the deceit of the clerk.

Argued October 15, 1907.—Decided May 14, 1908.

Action on bond. Before Judge Martin. Telfair superior court. June 20, 1907.

This is a suit upon the bond of William McLean, clerk of the superior court of Telfair county. In November, 1898, McLean procured a loan of $400 from William L. Bidwell, and gave his

note for that amount, dated November 1, 1898, and maturing five years after date, secured by a deed executed conformably to the Civil Code, §§ 2771 et seq., to a lot of land in Telfair county. After the note and the deed were duly signed by McLean, and before the money was turned over to him, the deed was sent by Bidwell to McLean (who was at the time clerk of the superior court) for record. He returned the deed to Bidwell, with an entry endorsed thereon, signed by him as clerk of the superior court, that the deed was recorded November 24, 1898, in book BB, folio 495, record of deeds of Telfair county. The lender relied on the certificate as true, and paid over the money to McLean's appointed agent. The certificate was false; the deed was not in fact recorded, and the lender had no knowledge of the falsity of the certificate until after the maturity of the note. The deed to secure the note contained a power of sale, and when the lender attempted to sell the land under the power he discovered that McLean, before the execution of the deed, had sold the land to other parties and executed deeds thereto, which were recorded subsequently to the giving of the false certificate, and that the purchasers had gone into possession. McLean was insolvent, and the lender brought suit on McLean's bond as clerk of the superior court, for breach of duty and fraud in making the false certificate as clerk, and in failing to record the deed. The jury returned a verdict for the defendants, and the plaintiff moved for a new trial, which was refused, and he excepted.

*Max L. McRae* and *Olin J. Wimberly,* for plaintiff.

*Graham & Graham,* for defendants.

EVANS, P. J. (After stating the facts.)

1. The plaintiff submitted evidence tending to show that the lender would not have parted with his money but for his reliance upon the truth of the clerk's certificate of registration. The plaintiff requested the court, in writing, to instruct the jury that 'if they should believe from the evidence that the lender parted with his money to the clerk in reliance upon a certificate of the clerk, and that the loan would not have been consummated and the money would not have been paid over but for the certificate, the giving of the false certificate caused the injury and loss to the plaintiff in the amount of the loan. The court refused to give this charge, but on the other hand charged that before the plaintiff

could recover for the failure of the clerk to put the deed on record and the giving of the false certificate, the misfeasance and default of the clerk must have resulted in damage, by putting Bidwell in a worse condition than he would have been if the deed had been recorded and the certificate had been true.

The contract of sureties upon an official bond is subject to only the strictest interpretation. The obligation is strictissimi juris, and nothing is to be taken by construction against the obligors. They have consented to be bound to a certain extent only, and their liability must be found within the terms of that consent. *Mason* v. *Commissioners*, 104 *Ga.* 35 (30 S. E. 513). The condition of the bond of the clerk of the superior court is that he shall faithfully discharge the duties of his office. When it is sought to hold his securities liable for his misconduct and default, it must appear that the conduct of the officer, relied on to impose the liability, was not only a breach of his official duty for which the sureties were answerable according to the terms of the bond, but also that the plaintiff has sustained a loss as a consequence of the officer's dereliction of duty. There could not be a recovery of the full penal sum, because the amount stated in the bond is not intended as measure of liability, but is only a limitation of the amount for which the sureties must respond for the official misconduct of their principal. It is necessary, therefore, when the plaintiff sues for a loss occasioned by a breach of the clerk's bond, that he shall show not only a breach, but also that the acts relied upon to constitute the breach resulted in damage to the plaintiff. "The measure of damages upon all official bonds for the misconduct of the officer, unless otherwise specially enacted, shall be the amount of injury actually sustained, including the reasonable expenses of the suit to the plaintiff, besides the costs of court." Pol. Code, §264.

The insolvency of the clerk was not disputed. The sureties insisted that had the clerk not been guilty of any official misconduct, under the facts developed upon the trial, the plaintiff would have lost his debt in any event. It appeared, that sometime in the year 1892 McLean, the clerk, sold to E. L. and C. V. Davis the lot of land which he afterwards conveyed by security deed to Bidwell, and executed a deed to E. L. Davis to the southwest half of this lot on January 27, 1893, and to C. V. Davis a deed to the

northeast half on November 27, 1893; that both went into imme-
diate possession of the land purchased, and, at the time the plain-
tiff made his loan to McLean, E. L. Davis was in actual occupation
of about thirty acres of the land embraced in his deed, and C. V.]
Davis was in actual possession of fifteen acres of the land em-
braced in her deed.   The deeds from McLean to E. L. and C. V.
Davis were not recorded at the time of the negotiation of the loan
by the plaintiff and at the time of the giving of the false certifi-
cate, but were subsequently recorded.   It appeared that their pos-
session had been continuous from the time of their purchase, up to
the time of bringing this suit, and that they bona fide claimed the
land under their respective deeds.   There is no suggestion of fraud
or collusion between McLean and the Davises.   The sureties contend
that the possession of the Davises put the lender on notice that
the borrower had sold the land prior to the execution of the se-
curity-deed; the lender contends that the possession of the Davises
at the time he parted with his money could only be notice to him
that they were claiming so much of the land as was in the actual
possession of each, and that their possession was not notice that
they claimed title to any land beyond their actual possession.   Our
Civil Code provides (§3931) that "possession of land is notice of
whatever right or title the occupant has," and (§3933) that "no-
tice sufficient to excite attention and put a party on inquiry is
notice of everything to which it is afterwards found such inquiry
might have led.   Ignorance of a fact, due to negligence, is equiv-
alent to knowledge in fixing the rights of parties."   These sections
would be given too narrow a construction if the scope of the notice
afforded by possession, or the duty of inquiry as to the possessor's
title, were limited to such part as he actually occupies of a tract
of land claimed by him.   The notice of the occupant's title given
by possession is analogous to the constructive notice afforded by
the registration of the deed.   It is incumbent upon one who pur-
chases or contracts for a lien on land to inquire into the right
of any person in possession thereof; and such possession charges
the former with notice of whatever title or right the occupant
really has in the premises.   *Neal* v. *Jones,* 100 *Ga.* 765 (28 S. E.
427).   See discussion in *Walker* v. *Neil,* 117 *Ga.* 745 (45 S. E.
387); Phelan *v.* Brady, 119 N. Y. 585 (23 N. E. 1109, 8 L. R.
A. 211).   When one has paper title to a tract of land, and is in

actual possession of only a part thereof, his constructive posses-- sion extends to the confines of the land as described in his paper- title. The law construes the possession to extend to the boundaries. of the tract. Civil Code, § 3586. If, for the purpose of acquir-- ing title by prescription under color, the law extends the possession. to the limits of the color, as against the true owner, a fortiori,. where the owner of a tract of land sells it and the purchaser en-- ters into possession and actually occupies and cultivates a por-- tion of the land, such possession will be construed to extend to the limits of his deed, so as to charge a subsequent purchaser with notice of the possessor's prior deed. The evidence being without: dispute that the purchasers from the clerk were in actual posses-- sion of a part of the land, with deeds to the whole lot which the· clerk subsequently conveyed to the plaintiff as security for his debt,. the title of such purchasers was superior to the security deed of the plaintiff. And if the clerk had duly recorded the loan deed,. the plaintiff's security would have been worthless, and he is in no· worse plight because of the fraud which the clerk practiced upon him. In other words, the security deed of the lender is postponed. to the prior deeds of the purchasers, and the loss of his security is not the proximate result of the clerk's misconduct, but was oc-- casioned by his own negligence in not availing himself of the no- tice which the possession of the prior purchasers imputed to him. It is clear, therefore, that the plaintiff, having sustained no actual. damage as the result of the clerk's misfeasance, was not entitled to recover on the clerk's official bond the money which he loaned to the clerk.    *Judgment affirmed. All the Justices concur.*