## NEAL-BLUN COMPANY *v.* ROGERS.

1. It is the official duty of the clerk of the superior court to record with reasonable promptitude a materialman's claim of lien, and a failure in this respect is a breach of that duty.

2. In order to render the clerk and the sureties on his official bond liable for the former's misfeasance, both a breach of duty and consequent damage must be shown.

(*a*) Where the statute requires a materialman's lien to be recorded within a certain time from the date the materials are furnished, to entitle him to a lien on the property improved, and the materialman within that period of time files his claim of lien with the clerk of the superior court for record, who negligently fails to record it within the time provided by statute, and on this account the claim of lien is lost, the materialman, as a condition precedent to establishing that he has been damaged, will not be required to show that he instituted a foreclosure proceeding which failed on account of the clerk's default.

(*b*) There being evidence to authorize an inference that the plaintiff complied with the statutory requisites entitling him to a lien for materials furnished to the contractor for the improvement of the premises of another, and that the lien was lost because of the misfeasance of the clerk, and that the contractor is insolvent, a prima facie case was made out, and it was error to grant a nonsuit.

JUNE 12, 1914.

Action upon bond.  Before Judge Sheppard.  Tattnall superior court.  January 10, 1913.

*Way & Burkhalter,* for plaintiff.

*James K. Hines* and *E. C. Collins,* for defendants.

EVANS, P. J.  This is an action against a clerk of the superior court and the sureties on his official bond, to recover damages alleged to have occurred because of the failure of the clerk to record the plaintiff's materialman's lien until after the time provided by law for the record of such lien had expired.  The court granted a nonsuit, and exception is taken to that judgment.  It appeared, upon the trial, that the building committee of the Farmer's Supply Company, a corporation, entered into a contract with George L. Adams, for the construction of certain stores at the agreed price of $12,000.  The plaintiff sold to the contractor certain materials amounting to the principal sum of $484, which were used in the construction of the building, the last item being furnished on November 24, 1906.  On February 21, 1907, the plaintiff, through its president, filed for record with the clerk of the superior court of Tattnall county its claim of lien against the Farmer's Supply Company for the materials furnished the contractor.  At the time of filing the claim of lien the president of the plaintiff corporation told the clerk that the time allowed for recording would expire in a few days, and impressed upon him the necessity of an immediate record.  He paid the clerk his fee.  The claim of lien was not recorded until March 18, 1907, which was a date subsequent to the time allowed by law for the record of the lien.  In November, 1907, the plaintiff instituted a proceeding in the superior court of Tattnall county against the Farmer's Supply Company, a corporation of Tattnall county, to foreclose its materialman's lien upon the property improved.  In April, 1909, this suit was amended by making Adams, the contractor, who was a resident of Montgomery county, a party defendant.  After the amendment Adams acknowledged service and waived process.  The suit eventuated in a verdict in favor of the materialman against the contractor for the sum of $484.60, principal, and $99.45, interest to date, and in favor of the Farmer's Supply Company.  The judgment which the plaintiff recovered against Adams has never been satisfied; and Adams at the time of the institution of the proceeding against the owner of the premises, as well as at all subsequent times, was insolvent.

1. There can be no doubt from the evidence that the clerk was derelict in duty in delaying to record the plaintiff's materialman's lien until after the time prescribed by law for its record. In order to make good a materialman's lien, the party claiming the lien must comply with his contract, must record his claim of lien within three months after the material is furnished, in the office of the clerk of the superior court in the county where the property is situated, and must commence his action for the recovery of the amount of his claim within twelve months from the time when the same shall become due. Civil Code (1910), § 3353. The time for recording the plaintiff's claim of lien expired three days after it was filed with the clerk. It was a part of the official duty of the clerk to record this lien with reasonable promptitude, and the condition of his bond is for the faithful discharge of the duties of his office.

2. It is contended by the defendant in error that there must be a concurrence both of breach of duty and of damage sustained because of such breach, before there can be a recovery upon the official bond of the clerk of the superior court. That contention is correct. When it is sought to hold the clerk's sureties liable for his default, it must appear that the clerk's default, relied upon to impose liability, was a breach of official duty for which the sureties were answerable according to the terms of the bond, and also that the plaintiff has sustained a loss as a consequence of the officer's dereliction of duty. *Terrell* v. *McLean,* 130 *Ga.* 633 (61 S. E. 485). It is insisted by the clerk and his sureties that the plaintiff has not been damaged by the clerk's default in failing to record its lien when the same was filed, for the reason that the plaintiff's lien has not been foreclosed against the owner of the premises. It appears from the record that the materialman undertook to foreclose its lien against the owner of the premises, without joining the contractor, or without obtaining a previous judgment against him. In order to foreclose the lien, the contractor must have been previously sued, or must be concurrently sued with the owner. *Lombard* v. *Trustees,* 73 *Ga.* 322. It is further contended that this defect was not obviated by making the contractor a party after the twelve months had expired for foreclosing the lien, for the reason that, inasmuch as it appears that the contractor resided in a county other than that of the owner of the premises, he could not be joined

with the owner in such proceeding, and the court had no juris-
diction over him. *Mauck* v. *Rosser,* 126 *Ga.* 269 (55 S. E. 32).
On the other hand, the materialman contends that as the con-
tractor acknowledged service and waived process he consented to
the jurisdiction of the court, that the amendment related back to
the beginning of the suit, and that the owner can not complain
that the court is without jurisdiction of the contractor's person
where he had waived it. Be that as it may, under our view of the
case it is immaterial which contention accords with the law on the
subject. When the clerk failed to record the lien within the time
allowed by law, it became impossible for the plaintiff to obtain a
foreclosure of its lien. If the plaintiff had promptly brought suit
against the contractor and obtained judgment against him, and
within the twelve months had instituted a proceeding against the
owner of the premises, it could not have obtained a judgment fore-
closing its lien, for the reason that it lost its lien on account of the
clerk's failure to record its claim of lien within the time provided
by the statute. The law does not require vain things, and will not
demand of the plaintiff to go through the idle ceremony of insti-
tuting a suit which could never terminate in a judgment in its
behalf. There was a complete breach of the bond when the clerk
failed to record the claim of lien as he should have done. Has the
plaintiff been damaged? There was proof tending to show that the
contractor was insolvent, and that the money could not be made
out of him. A house of the value of $12,000 was erected on the
premises upon which the lien was claimed. The claim of lien is
for $484 principal, besides interest, and this amount has been lost
by the materialman because of the failure of the clerk to record its
lien as provided by law. It does not lie in the mouth of the clerk
and his sureties to say that they will escape liability because the
plaintiff ineffectually attempted to foreclose a lien, which lost its
legal potentiality on account of the clerk's neglect.

It is further contended that the plaintiff failed to make out a
case, for the reason that the contract for the construction of the
improvement was made with the building committee of the cor-
poration. The contract was between the contractor and "the build-
ing committee of the Farmer's Supply Company, composed of"
certain named persons. When the building committee contracted
for the erection of the building they were acting for and in behalf

of the corporation.   If one contracts as agent of another for the construction of a house upon the land of his principal, which the principal accepts and uses, it will be presumed that the agent had authority to make the contract.

*Judgment reversed.    All the Justices concur.*