20765. GEORGIA PROPERTIES COMPANY *v.* NISBET *et al.*

DECIDED DECEMBER 18, 1930.

*Jones, Jones, Johnston & Russell, Charles M. Cork,* for plaintiff.
*Ryals, Anderson & Anderson, Hunter & Wimberly,* for defendants.

LUKE, J. Georgia Properties Company brought an action against McD. Nisbet and the United States Fidelity and Guaranty Company in the superior court of Bibb county. It appears, from the plaintiff's petition as amended, that on February 28, 1925, the American National Bank of Macon, by a written instrument in the nature of a general assignment, sold and transferred to the plaintiff all its right, title, and interest in and to a judgment rendered by the city court of Macon on March 28, 1917, for $1021.50, with interest, costs, and attorney's fees, as well as "all . . fi. fas. and all other choses in action belonging" to the bank; that an execu-

tion had been properly issued upon the judgment against Hines, and was entered on the general execution docket on March 28, 1917; that on January 8, 1924, an entry of nulla bona was made on the execution by an authorized officer, and the bank on the same day turned over the execution to McD. Nisbet as clerk of the superior court, with the request that he record the entry of nulla bona upon the general execution docket; that Nisbet as clerk failed to enter the date of his act of recording the same on the general execution docket; and that, in consequence of his alleged negligence in that particular, the judgment became wholly unenforceable, either at law or in equity, on March 28, 1927. The petition further shows that the United States Fidelity and Guaranty Company was surety on the official bond of the clerk, and that both Nisbet as principal and the Guaranty Company as surety are liable to the petitioner for the injury resulting from the alleged breach of the condition of the bond. Other facts are alleged in detail to show the precise nature and extent of the damages suffered by the petitioner by reason of the premises. The superior court sustained the demurrers interposed by the several defendants and dismissed the petition.

The questions raised by the demurrers are ably and exhaustively presented in the briefs of counsel, but none of the authorities cited seem to serve as an acceptable precedent in the determination of the present controversy. It will be observed from the statement of the facts that the plaintiff's claim in this case is asserted in its right as assignee of the judgment and fi. fa. in question; and that at the date of the alleged assignment and transfer the execution was dormant, and had become so some eleven months theretofore. It does not appear that the plaintiff's predecessor in title to the execution (the plaintiff in fi. fa.) had either any knowledge of the dormancy of the execution or any occasion to investigate or ascertain its actual status as of the time of the transfer to the plaintiff here. Nor is it claimed that the plaintiff in fi. fa. had initiated any proceeding to enforce collection, by way of garnishment or otherwise; or that the alleged misfeasance on the part of the clerk had resulted in any actual loss or damage before the transfer. The petition does show in detail that the injury and loss complained of, and for the recovery of which the pending suit was brought, is alleged to have been suffered by the petitioner in its right as the assignee of the dormant execution, which the petitioner

believed to have a vitality that it did not in fact possess, either at the time of or for many months previous to the assignment.

Counsel seem to be in accord on the proposition that the cause of action against the clerk, if there was any, accrued at the time that the plaintiff sustained a monetary damage. "There must be a concurrence both of breach of duty and of damage sustained because of such breach, before there can be a recovery upon the official bond of the clerk of the superior court." *Neal-Blun Co.* v. *Rogers,* 141 *Ga.* 808 (82 S. E. 280). See also *Terrell* v. *McLean,* 130 *Ga.* 633 (61 S. E. 485); Civil Code (1910), § 4403.

Certainly at no time after the alleged assignment to the petitioner did the clerk do anything, or omit to do anything, that resulted in loss or injury to the petitioner. Nor did the alleged misfeasance in his official duty antedating the assignment result in any monetary loss or damage to the plaintiff in fi. fa. This being so, it seems to us that since no cause of action or right to recover had accrued to the plaintiff in fi. fa. at or before the alleged assignment and transfer, no cause of action or right to recover in that behalf could have been assigned and transferred to the plaintiff here.

Assuming that we are correct in this view of the controversy, the other questions discussed in the briefs need not be considered; and the judgment sustaining the demurrers and dismissing the petition was not erroneous.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*