## 28436. DYSART v. UNITED STATES FIDELITY & GUARANTY COMPANY.

DECIDED OCTOBER 28, 1940.

*McCullar & McCullar,* for plaintiff.    *M. F. Adams,* for defendant.

SUTTON, J.  C. F. Dysart filed his petition against the United States Fidelity & Guaranty Company in the superior court of Baldwin County, and alleged, in substance, that the defendant was surety on the official bond of W. C. Davis as clerk of the superior court of Putnam County, in the sum of $3000, which bond was conditioned upon faithful performance of all the official duties of such clerk by W. C. Davis; that a judgment for the principal sum of $720 was rendered against the plaintiff in Putnam superior court on March 16, 1931; that a second fi. fa. was issued under that judgment in the summer of 1937, and again entered on the general execution docket, the original one apparently having been lost or misplaced; that on May 23, 1939, the parties to the judgment reached an agreement for the balance of the judgment to be settled for the nominal sum of $25, and, not being able to find or locate the fi. fa., the plaintiff therein executed a release and

receipt reciting that said judgment had been compromised and settled, and authorizing and directing the clerk of Putnam superior court "to mark said general execution docket as paid and fully satisfied," and to file the release with the record in that case; that this instrument was sent to W. C. Davis, clerk, by C. B. McCullar, attorney, on May 29, 1939, with a request that the same be entered on the general execution docket, but on the next day it was returned to said attorney with the statement that he was unable to read the name of the party signing the release, and suggesting that this information be furnished and the paper be returned, and he would then be able to get it off of the record; that on May 31, 1939, the attorney mailed the release back to the clerk, together with the information as to the name of the person signing it, and then, on June 2, 1939, the attorney went to see the clerk at his office in Eatonton about getting this paper recorded, and the clerk told him that he would record the release when he got to it, which would probably be that same afternoon, and he would mail it to him that night, but the clerk refused to record the paper while the attorney was in his office; that on June 13, 1939, said attorney sent the release back to the clerk by an attorney who lived in Eatonton, and it was then recorded by the clerk; that the clerk deliberately and arbitrarily and in violation of his duties refused to record the paper and kept it off of the record from May 29, 1939, to June 13, 1939; that the plaintiff was in the cattle business and cattle sales were being held each week about over the country, and he needed finances to attend these sales to buy cattle and sell them at a profit; that he had been assured that a bank in Milledgeville would extend him a loan as soon as the court record at Eatonton showed that the judgment above referred to had been paid; that as soon as said release was recorded a certain bank in Milledgeville did, on June 14, 1939, grant him a loan of $1000, which loan would have been made to him on May 29 or 30, 1939, had the clerk not negligently refused to perform his official duty in recording said release; that the cattle business had been good during the past few weeks, and had he been able to get this loan at the time he needed it most he would have made a profit of at least $100 per day during the time he was held up in his business because of the alleged conduct of the clerk; and for this reason he sued for $1500 actual damages, $150 attorney's fees, "$95 in expenses, such as trips to

Eatonton, telephone and telegraph messages, and loss of time and the like," in trying to get the paper in question recorded, and $1250 punitive damages. The defendant filed a general and special demurrer to the petition. The court sustained the general demurrer and dismissed the action, and the plaintiff excepted.

The condition of the bond of W. C. Davis, clerk of the superior court of Putnam County, was for the faithful performance of all of the duties of his said office. It was sought by the plaintiff in the present case to recover of the bonding company for alleged breach of duty of the clerk of the superior court of Putnam County in not recording for a time a release of a certain judgment against the plaintiff, which, it was contended, prevented him from obtaining a loan, and as a result of which it was alleged he lost certain profits which he would have been able to make by buying and selling cattle. "To authorize a recovery on the official bond of a clerk of the superior court, there must be a concurrence both of breach of duty and of damage sustained because of the breach." *Georgia Properties Co.* v. *Nisbet,* 42 *Ga. App.* 338 (156 S. E. 298); *Terrell* v. *McLean,* 130 *Ga.* 633 (61 S. E. 485); *Neal-Blun Co.* v. *Rogers,* 141 *Ga.* 808 (2) (82 S. E. 280). It was not a breach of duty on the part of the clerk, when he received the release and could not read the name of the party who signed it, to send the paper back to the plaintiff's attorney in Milledgeville and ask for information as to the name of such party, so that he might properly record it. Two or three days later, when the release was again received by the clerk, it appears that he told the plaintiff's attorney that he would enter this paper of record on the afternoon of June 2, 1939, and would mail it to the attorney that night. Construing the petition most strongly against the pleader, as is the rule on demurrer, the inference is that the plaintiff's attorney did not leave the release with the clerk, so that it might be recorded on the afternoon of June 2, 1939, but took it up and carried it away, as it is then alleged that on June 13, 1939, said attorney sent the release to the clerk by an attorney who lived in Eatonton, and it was then recorded by the clerk. We are of the opinion that the petition, as against the demurrer, did not show a breach of duty on the part of the clerk in failing to record the instrument therein referred to.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*