44054. ATLAS SUPPLY COMPANY v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.

ARGUED NOVEMBER 8, 1968—DECIDED JANUARY 14, 1969—
REHEARING DENIED FEBRUARY 5, 1969—

*Wendell C. Lindsey,* for appellant.

*Edwards, Bentley, Awtrey & Parker, Fred D. Bentley, Sr.,* for appellees.

QUILLIAN, Judge. The sole question presented by this appeal is whether the complaint was filed prematurely where there was no foreclosure of the materialman's lien, no proceeding instituted to recover on the bond given under *Code Ann.* § 67-2004 and no other action instituted against Apartment Development, Inc., or Floyd Granger to establish the amount of damages to which the plaintiff might be entitled. This court has held in *Hartford Acc. &c. Co. v. Young,* 40 Ga. App. 843 (2) (151 SE 680) that "the right of action against a sheriff for the acceptance of an insolvent or insufficient surety upon a bond does not accrue until such a judgment has been rendered as will charge the bond, or until the liability of the surety thereon has accrued and an execution has been issued against him and returned unsatisfied."

See in this connection *Sledge v. Lee,* 19 Ga. 411 and *Fourth Nat. Bank of Cincinnati v. Mayer,* 96 Ga. 728 (24 SE 453). Under this authority, there being no judgment rendered on the bond, the right of action against the clerk had not accrued and the suit was premature. The cases cited by the plaintiff, *Spain v. Clements,* 63 Ga. 786 and *Neal-Blun Co. v. Rogers,* 141 Ga. 808 (82 SE 280), are not controlling here since they are authority for the point that where it is clearly impossible for the plaintiff to obtain judgment under the bond, the law does not require the doing of any useless thing.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*