*terson,* amici curiae.

45707, 45708. PIERCE v. THOMAS (two cases).
(369 SE2d 742)

WELTNER, Justice.

Rozier deeded real property to Thomas in 1967. Thomas built a house on the property, where she has resided ever since. In 1981, Rozier deeded the same property to Pierce, reserving to herself a life estate. Pierce recorded this deed in 1981, and Rozier died later in that same year. Thomas did not record her deeds until 1986. Based on these undisputed circumstances, the trial court granted summary judgment to Thomas.

"Possession of land is notice to the world of whatever right or title the occupant has." *Broome v. Davis,* 87 Ga. 584, 587 (13 SE 749) (1891).[1] This principle was codified as Georgia Code of 1895, § 3931, as follows: "Possession of land is notice of whatever right or title the occupant has." It now appears as OCGA § 44-5-169: "Possession of land shall constitute notice of the rights or title of the occupant."

The grant of summary judgment was not error.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 1, 1988 —
RECONSIDERATION DENIED JULY 29, 1988.

*Eichholz & Assoc., Michael A. Lewanski,* for appellant.
*Malcolm F. Bryant, Jr.,* for appellee.

---

[1] "The man who takes and enjoys the fruits of the earth thereby 'exploits' his seisin, that is to say, he makes his seisin 'explicit,' visible to the eyes of his neighbours." 2 F. Pollock & F. Maitland, *The History of English Law,* 34 (1895). In *Terrell v. McLean,* 130 Ga. 633, 636 (61 SE 485) (1908), we held: "The notice of the occupant's title given by possession is analogous to the constructive notice afforded by the registration of the deed." See also our early case of *Wyatt v. Elam,* 19 Ga. 335, 337 (1856).