**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 25, 2015

# In the Court of Appeals of Georgia

A15A0162. CARAWAY et al. v. SPILLERS.

BRANCH, Judge.

Phillip and Wendy Caraway and Matt Toland Spillers have deeds to the same property. Spillers filed suit to cancel the Caraway deed and for declaratory relief, and the trial court granted summary judgment in favor of Spillers because Spillers recorded his deed first. On appeal, the Caraways contend that there is an issue of fact as to whether their possession of the property put Spillers on notice of their claim of title to the property. We agree and reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in

the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

Construed in favor of the Caraways, the record shows that Nettie Spillers is the mother of Spillers and the grandmother of Wendy Caraway; Spillers is Wendy Caraway's uncle. In 1998, Nettie deeded two acres of real property to the Caraways. Immediately upon obtaining the deed, the Caraways went into possession of the property, placed a manufactured home on the property, and began to maintain their residence on the property. The Caraways did not, however, record the deed at that time. The Caraways "openly, peaceably and notoriously" lived on and maintained the property from 1998 until approximately 2011, a period of approximately 23 years. During that time, Spillers was fully aware that the Caraways lived on the property. In fact, Spillers visited the property at least once a year through the date this civil action was filed.

On April 11, 2003, Nettie deeded the same two acres of real property to Spillers, and Spillers caused the deed to be recorded three days later. Spillers avers that at the time, he was unaware of the existence of the Caraway deed. The Caraway deed was finally recorded on May 15, 2003, approximately one month after Spillers recorded his deed.

2

On February 4, 2011, Spillers filed a verified complaint seeking cancellation of the Caraway deed, a declaration that he is the true and lawful owner of the property, and attorney fees. The Caraways filed a verified answer and raised certain defenses, including that they had acquired title by adverse possession.

Following discovery and a hearing on Spillers's motion for summary judgment, the trial court found as a matter of fact that although the Caraway deed preceded the Spillers deed, it was not recorded until after the execution and recording of the Spillers deed. The court then concluded that as a consequence of being recorded after the Spillers deed, the Caraway deed was null and void. The court therefore granted the motion for summary judgment and declared that Spillers had a fee simple interest in the property free and clear of any claim by the Caraways. The Caraways appeal.

It is true that in Georgia, "a prior unrecorded deed loses its priority over a subsequent recorded deed from the same vendor when the purchaser takes such deed without notice of the existence of the prior deed." OCGA § 44-2-1. But it is also true that "[p]ossession of land shall constitute notice of the rights or title of the occupant." OCGA § 44-5-169. And such notice "is not limited, as notice, to what would be discovered by examination of public records." *Wren v. Wren*, 199 Ga. 851, 856 (1) (36 SE2d 77) (1945) (citations omitted). Moreover, Georgia law provides that

3

[n]otice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led. Ignorance of a fact due to negligence shall be equivalent to knowledge in fixing the rights of parties.

OCGA § 23-1-17. And "[h]e who takes with notice of an equity takes subject to that equity." OCGA § 23-1-16. Thus, in *Terrell v. McLean*, 130 Ga. 633 (61 SE 485) (1908), the Supreme Court held,

The notice of the occupant's title given by possession is analogous to the constructive notice afforded by the registration of the deed. It is incumbent upon one who purchases or contracts for a lien on land to inquire into the right of any person in possession thereof, and such possession charges the former with notice of whatever title or right the occupant really has in the premises.

Id. at 636 (citations omitted). In other words, actual, open, visible, exclusive and unambiguous possession puts another on notice of the possessor's prior deed, whether recorded or not. Id.; see also *McDonald v. Taylor*, 200 Ga. 445, 450-451 (1) (37 SE2d 336) (1946) (actual, open, visible, exclusive and unambiguous possession at the time a third party purports to purchase the property puts the third party on notice of inquiry as to the possessor's interest and will defeat the third party's claim even if the third party records his interest prior to the possessor's interest).

Construed in favor of the Caraways, the record shows that there is an issue of fact as to whether the Caraways' possession of the property put Spillers on inquiry notice of the Caraways' title in the property. Accordingly, the trial court erred by granting summary judgment in favor of Spillers. Because we reverse, we need not reach other arguments raised by the Caraways.

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*